UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DREW A. BECKEFELD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:17-CV-912 PPS |
| WARDEN, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Drew A. Beckefeld, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for burglary under cause number 08C01-1203-FB-2. Following a guilty plea, on October 31, 2012, the Carroll County Superior Court sentenced Beckefeld to sixteen years of incarceration. Beckefeld alleges that he was sent from Kentucky to Indiana pursuant to the Interstate Agreement on Detainers and that the State of Indiana violated the agreement by failing to send him back to Kentucky after his criminal charges were resolved. Habeas corpus petitions are subject to a strict one-year statute of limitations.[1] There are four possible dates from which the limitation period can begin to

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

run. Nothing in Beckefeld's petition indicates that State action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right. Therefore 28 U.S.C. § 2244(d)(1)(B) and (C) do not apply here.

Either 28 U.S.C. § 2244(d)(1)(A) or (D) applies, depending on which date is later. Because Beckefeld did not file any State court challenge to his conviction, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing an appeal expired on November 30, 2012. *See* Ind. App. R. 9(A) (appeal must be filed with the Indiana Court of Appeals within 30 days of trial court's judgment); *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Beckefeld alleges that, after his sentencing, he was sent to Reception Diagnostic Center for classification, and, on November 21, 2012, he was sent to Pendleton Correctional Facility in Pendleton, Indiana. Thus, Beckefeld should have known of the State of Indiana's failure to comply with the interstate agreement – the factual predicate of his claim – by November 21, 2012. Therefore, the federal limitations period began to run on November 30, 2012, the later of the two dates. Absent any period of tolling, the federal limitations period expired one year later, on November 30, 2013. When

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Beckefeld filed his petition on November 30, 2017, he was four years too late. Accordingly, Beckefeld's petition is untimely and is therefore denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Beckefeld to proceed further, and a certificate of appealability is denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the petition (ECF 2) pursuant to Section 2254 Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** Drew A. Beckefeld a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) **DENIES** Drew A. Beckefeld leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk to close this case.

SO ORDERED.

Date: December 11, 2017                    /s/ Philip P. Simon
                                           Judge
                                           United States District Court